## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE

                                              Case No. 8:09-bk-12519-KRM
                                              Chapter 11

SENDTEC, INC.

                    Debtor.

_____/

STANLEY A. MURPHY AS DISTRIBUTION
TRUSTEE OF THE DISTRIBUTION TRUST
CREATED UNDER THE CONFIRMED PLAN
OF REORGANIZATION OF SENDTEC, INC;

                    Plaintiff,

                                              Adv. No. 8:10-ap-_____

vs.

MODERNAD MEDIA, LLC

                    Defendant.

_____/

## COMPLAINT TO AVOID PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. §547 AND TO RECOVER
## PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. §550

      STANLEY A. MURPHY, AS DISTRIBUTION TRUSTEE OF THE DISTRIBUTION

TRUST CREATED UNDER THE CONFIRMED PLAN OF REORGANIZATION OF SENDTEC,

INC. ("Plaintiff" or "Distribution Trustee"), pursuant to 11 U.S.C. §§ 547 and 550, sues

MODERNAD MEDIA, LLC (the "Defendant") to avoid and recover preferential transfers, and, in

support thereof, alleges that:

### NATURE OF CASE

      1.      By this Complaint, Plaintiff seeks to avoid and recover from Defendant all

preferential transfers of property made for or on account of an antecedent debt and to or for the

benefit of Defendant by the Debtor, Sendtec, Inc. ("Debtor"), during the ninety- (90-) day period

prior to the filing of the Debtor's bankruptcy petition. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, or non-contingent, or has otherwise requested payment from the Debtor or the Debtor's Chapter 11 estate (collectively the "Claims"), this Complaint is not intended to be, nor should it be, construed as a waiver of Plaintiff's right to object to such Claim(s) for any reason including, but not limited to, 11 U.S.C. §502(a) through (j), and such rights are expressly reserved.

## JURISDICTION AND VENUE

2.    Pursuant to 28 U.S.C. §§ 1334(b) and 157, this Court has subject-matter jurisdiction over this adversary proceeding, which arises under Title 11 of the United States Code.

3.    This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(F).

4.    Venue is proper in the Middle District of Florida pursuant to 11 U.S.C. § 1409.

## BACKGROUND

5.    The bankruptcy case of the Debtor was commenced June 15, 2009 (the "Petition Date") when the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

6.    On October 6, 2009, Plaintiff was appointed Distribution Trustee of the Distribution Trust created under the confirmed Plan of Reorganization of SendTec, Inc.

7.    Defendant is an entity with a principal place of business located at 2200 S.W. 10th Street, Deerfield Beach, Florida 33442.

8.    Prior to the Petition Date, the Debtor made payment(s) to the Defendant totaling $27,000.00. The Plaintiff sent a letter to the Defendant demanding the return of the preferential payments.

## CLAIMS FOR RELIEF

### Count I
### (Avoidance of Preference Transfers - §547)

9.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 8 above as if fully set forth herein.

10.    On or within 90 days before the Petition date, that is between March 18, 2009, and June 15, 2009 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including Defendant.

11.    The Debtor transferred property of the Debtor to Defendant during the Preference Period in an amount not less than $27,000.00 (the "Transfers"). Attached hereto as **"Exhibit A"** and incorporated herein by reference is a list of the Transfers presently known to Plaintiff to have been made by the Debtor to the Defendant:

| Check No. | Date Check Cleared | Amount |
|---|---|---|
| 10907 | 3/23/2009 | $2,000.00 |
| 11206 | 3/31/2009 | 25,000.00 |
| **Total** | | **$27,000.00** |

12.    During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, and/or (iv) additional defendants (collectively the "Amendments"), that may become

known and to request that the Amendments relate back to this original Complaint.

13.    Defendant was a creditor within the meaning of 11 U.S.C. § 101(10)(A) of the Debtor at the time of the Transfers.  At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

14.    The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

15.    The Transfers were for, or on account of, antecedent debts owed by the Debtor before the Transfers were made.

16.    The Transfers constituted a transfer of an interest of the property of the Debtor.

17.    The Debtor was insolvent at all times during the 90 days prior to the Petition Date.

18.    As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtor's case was under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its claims under the provisions of the Bankruptcy Code.

19.    In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

20.    Plaintiff hereby incorporates the allegations in paragraphs 1 through 19 as if fully realleged herein.

21.    Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §547(b).

22.     Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

23.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court: (a) enter a judgment against the Defendant as to Counts I and II of the Complaint; (b) avoid the Transfers pursuant to 11 U.S.C. §547 in the amount of $27,000.00, and, to the extent they are avoided, grant recovery thereof to Plaintiff pursuant to 11 U.S.C. § 550; (c) award prejudgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein; (d) order that, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendant and/or its assignee be allowed; and (e) grant such other and further relief as the Court deems just and proper.

Dated: November 17, 2010.

Respectfully Submitted,


/s/Richard J. McIntyre
RICHARD J. McINTYRE
Florida Bar No. 0962708
rich@mcintyrefirm.com
JOHN R. HIGHTOWER, JR.
Florida Bar No. 0077478
hightower@mcintyrefirm.com
McIntyre, Panzarella, Thanasides,
    Hoffman, Bringgold & Todd, P.L.
6943 East Fowler Avenue
Temple Terrace, Florida 33617
(813) 899-6059
(813) 899-6069 (Facsimile)
Attorneys for Plaintiff, Stanley A. Murphy as Distribution Trustee of the Distribution Trust Created Under the Confirmed Plan of Reorganization of SendTec, Inc.

9/14/10 at 15:45:09.65

# SendTec Acquisition Corp
## Check Register
### For the Period From Mar 17, 2009 to Jun 15, 2009

Filter Criteria includes; 1) Vendor ID's from ModernAd to ModernAd. Report order is by Date.

| Invoice/CM # | Invoice Date | Date | Amount | Amnt Paid | Check # | Payee | Cash Account | CK CLEARED |
|---|---|---|---|---|---|---|---|---|
| 10907 | 9/30/08 | 3/17/09 | 2,000.00 | 2,000.00 | 17296 | ModernAd Media | 1000 | 3/23/09 |
| 11206 | 12/31/08 | 3/25/09 | 25,000.00 | 25,000.00 | 17339 | ModernAd Media | 1000 | 3/31/09 |
| | | | 27,000.00 | | Total | | | |



Ck # 17296    03/23    $2,000.00



Ck # 17339          03/31          $25,000.00